## Kelly *against* The Commonwealth.

Such a misrecital of the record as the omission in a bond, taken by the sheriff on a *capias ad respondendum*, of the name of one of the defendants therein, is an immaterial variance, and consequently will not vitiate the bond.

ERROR to the district court of *Allegheny* county.

The Commonwealth of Pennsylvania for the use of Elijah Trovillo, Esq., late sheriff, against John F. Kelly.

A *capias ad respondendum* issued at the suit of Robert Patterson against L. Fogg and George Fogg trading in the name of L. Fogg & Brother, by virtue of which the sheriff arrested L. Fogg, and he entered into a bond with John F. Kelly, the defendant, as

[Kelly v. The Commonwealth.]

security in the penalty of 2000 dollars, with the following condition:

"Now the condition of the above obligation is such that if the above bounded, L. F. Fogg shall be condemned in a certain action in the district court of Allegheny county, April term, A. D., 1837, wherein Robert Patterson, endorser, &c., is plaintiff, and the said L. F. Fogg is defendant on a plea of trespass on the case on promissory note for 996 dollars and 97 cents, dated the 11th of April, A. D., 1836, at 6 months, he shall satisfy the condemnation money and costs, or surrender himself into the custody of the sheriff of Allegheny county, or in default thereof, that the said John F. Kelly, the above named bail, will do so for him, then this obligation to be be void, otherwise to be and remain in full force and virtue."

Judgment was obtained in the action against L. Fogg, and a *capias ad satisfaciendum* issued which was returned *"non est inventus,"* whereupon this suit was brought.

The plaintiff having given in evidence the record of the original action offered to read the bond; the defendant objected on the ground of the variance between the original suit, and that recited in the bond: the suit being against L. Fogg and George Fogg, trading in the name of L. Fogg & Brother, and the bond recited a suit against L. Fogg alone.

*Grier*, president, overruled the objection, and directed a verdict for the plaintiff.

*Burke*, for plaintiff in error, cited 3 *Chit. Gen. Prac.* 364; *Saund on Plead. and Ev.* 188; 2 *Camp.* 270; 2 *Wash. C. C. Rep.* 423; 2 *Yeates*, 74; 1 *Vent.* 233; 2 *Penns. Rep.* 301; 7 *Serg. & Rawle* 405; *Saund. on Plead. and Ev.* 407.

*M'Candless*, for defendant in error, cited *Purd. Dig.* 41, sect. 10; 1 *Term Rep.* 235; 2 *Strange* 1135, 1155; 20 *Johns.* 351; 1 *Binn.* 588; 3 *Watts* 333; 8 *Johns.* 410; 14 *Serg. & Rawle* 176; 9 *Johns.* 82; 2 *Binn.* 76.

The opinion of the court was delivered by

KENNEDY J.—The only question presented for consideration by the error assigned in this case is, whether the bond declared on recites the action, in which it was intended to be taken, with sufficient accuracy, or whether there is any material variance between the action mentioned in it, and the record of the one received in evidence on the trial. In the case of a bail bond taken under the statute of 23 *Hen.* 6, c. 9, it has been held good, notwithstanding there may be some trifling informality, or variance of the condition from the writ, in the description of the *plea*, or of the time, or place of appearance. For instance, where the writ was to answer the plaintiff in a plea of debt *for three hundred and twenty pounds*, or in a plea of trespass with an *ac etiam*, and the con-

[Kelly v. The Commonwealth.]

dition was to answer the plaintiff in a plea of debt or trespass *generally*, or without mentioning the plea at all, the variances have been held to be immaterial, for the statute only requires a bond conditioned for the defendant's appearance, and the description of the plea is merely surplusage. See *Cro. Jac.* 286; 2 *Lev.* 123; 2 *Show.* 51; *T. Jones* 137, 138; 6 *Mad.* 122; 10 *Mad.* 327; 6 *Durnford and East,* 702; 2 *Lev.* 180; *T. Jones* 46; 2 *Vent.* 237, 238; 2 *Strange* 104, 105, 106; 9 *East* 55. A substantial compliance, therefore, with the English statute, in taking the bond, would seem to be all that has ever been required. There is certainly, no good reason why a different rule should be applied to the taking of bail bonds under our act of assembly of the 13th of June, 1836, sect. 10; *Stroud's Purd.* 41. It requires that the bond shall be taken in the name of the commonwealth, and in the amount of the bail demanded; and that the condition thereof shall be, that if the defendant therein named, shall be condemned in the action at the suit of the plaintiff, he shall satisfy the condemnation money and costs, or surrender himself into the custody of the sheriff of the county, or in default thereof, that the bail will do it for him. In order to meet the requisitions of the act then, it is not necessary that the writ should be recited. A reference to the *action* and such a description of it as will render the application of the bond to it certain is all that is required. Now in the present case, there is such a degree of correspondence between the action as described in the condition of the bond in suit, and that of which the record was given in evidence, as brings the mind, upon comparing them, irresistibly to the conclusion that they are identical. The court in which the action was brought, the term of the court to which it was brought, the name of the plaintiff therein, as also that of the defendant, together with the plea and cause of action, are all specifically mentioned in the condition of the bond, in exact correspondence with the records thereof as given in evidence. But it is objected that another person is named in the original writ, as a co-defendant with the one mentioned in the condition of the bond, who is omitted therein, and therefore the action referred to in the condition of the bond cannot be the same with that of which the record was given in evidence. I do not know that it would be right to hold such an omission a material and fatal variance under any circumstances; unless a real uncertainty as to the action was produced by it, because I doubt whether this court ought to determine, when the effect of it would be to set the bond aside, that the omission of the sheriff, in taking a bail bond, to insert in the condition thereof the names of all the defendants in the action, wherein the bond is intended to be taken is such a variance as to render the bond a nullity. The great object in such case is to designate the action with a reasonable certainty, so as to leave no room for doubt in regard to its identity; and hence, if the description of the action, as contained in the condition of the bond, be sufficient to

IX.—E

[Kelly v. The Commonwealth.]

answer this purpose, without naming each of the defendants therein, there would seem to be no good reason for holding the bond void, merely on that account. But in this instance, as the other person named as a co-defendant in the writ, could not be found and taken by the sheriff, the one taken and named in the condition of the bond, may with strict propriety be regarded as the only defendant to the action in which the bond was taken; because the plaintiff could have no judgment except against him alone, and no proceeding or judgment could be had and obtained in that action which would affect or conclude the other. The act of assembly, under which the bond in question was taken, does not require a recital or mention of the writ: a reference to the *action* is sufficient. We, therefore, think the bond good and well taken.

Judgment affirmed.